UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOUISE ROGERS TATE                                              **COMPLAINT**

                            Plaintiff,                                    **07 CV 5885**

         -against-                                          **JURY TRIAL DEMANDED**

NANA GHOSH, MICHAEL COHEN, MOHD D.        **ECF CASE**
FARUGUE, ARISTISIDIS SHISMEROS,
WAI KWOK HA, GOLAM MORTUJA,
FRED WEINGARTEN , and HILTON HOTELS
CORPORATION

                         Defendants.
------------------------------------------------------------------------X

       Plaintiff, by her attorney Jon Norinsberg, ESQ., complaining of defendants, respectfully allege the following:

## THE PARTIES

    1.    Plaintiff, Louise Rogers Tate, is a citizen of the State of North Carolina, residing at 8623 Harmony Church Road, Efland, North Carolina.

    2.    Upon information and belief, NANA GHOSH, is a citizen of the State of New York, residing at 106-17 Union Turnpike, Forest Hills, New York.

    3.    Upon information and belief, MICHAEL COHEN, is a citizen of the State of New York, residing or conducting business at 22-05 43rd Ave., Long Island City, New York.

    4.    Upon information and belief, MOHD D. FARUGUE, is a citizen of the State of New York, residing at 86-54 85th Street, Woodhaven, New York.

    5.    Upon information and belief, ARISTIDIS SHISMEROS, is a citizen of the State of New York, residing or conducting business at 11-06 Broadway, Astoria, New York.

6. Upon information and belief, WAI KWOK HA, is a citizen of the State of New York, residing at 50-11 60 Street, Woodside, New York.

7. Upon information and belief, GOLAM MORTUJA, is a resident of the State of New York, residing at 31-27 34th Street, Long Island City, New York.

8. Upon information and belief, FRED WEINGARTEN, is a citizen of the State of New York, residing or conducting business at 54-11 Queens Boulevard, Woodside, New York.

9. Upon information and belief, HILTON HOTELS CORPORATION, was and is a California corporation, operating a business in the State of New York, having its principal offices at 9336 Civic Center Drive, Beverly Hills, California, County of Los Angeles.

## JURISDICTION AND VENUE

10. Jurisdiction arises under 28 U.S.C. §1331, and the matter in controversy exceeds the sum specified by 28 U.S.C. § 1332. Venue is proper in this District by virtue of 28 U.S.C. § 1391, in that this is the District in which the subject accident occurred.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, LOUISE ROGERS TATE

11. That at all times hereinafter mentioned Plaintiff was and still is a resident of the County of Orange, State of North Carolina.

12. That the accident which is the basis of the within action took place in the City, County and State of New York.

13. That upon information and belief, at all times hereinafter mentioned, the Defendant, MICHAEL COHEN, was the owner of a certain motor vehicle bearing New York State License Plate Number 8J57-A.

14. That upon information and belief, at all times hereinafter mentioned, the Defendant,

ARISTIDIS SHIMEROS, was the owner of a certain motor vehicle bearing New York State License Plate Number 9H89C.

15. That upon information and belief, at all times hereinafter mentioned, the Defendant, WAI KWOK HA, was the owner of a certain motor vehicle bearing New York State License Plate Number 9C58A.

16. That upon information and belief, at all times hereinafter mentioned, the Defendant, FRED WEINGARTEN , was the owner of a certain motor vehicle bearing New York State License Plate Number 3K57A.

17. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANA GHOSH, operated a certain motor vehicle bearing New York State License Plate Number 8J57-A.

18. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANA GHOSH, operated the motor vehicle bearing New York State License Plate Number 8J57-A with the knowledge, consent and permission, express or implied of the owner, Defendant, MICHAEL COHEN.

19. That upon information and belief, at all times hereinafter mentioned, the Defendant, MOHD D. FARAGUE, operated a certain motor vehicle bearing New York State License Plate Number  9H89C.

20. That upon information and belief, at all times hereinafter mentioned, the Defendant, MOHD D. FARAGUE,  operated the motor vehicle bearing New York State License Plate Number 9H89C with the knowledge, consent and permission, express or implied of the owner, Defendant, ARISTIDIS SHIMEROS.

21.     That upon information and belief, at all times hereinafter mentioned, the Defendant, WAI KWOK HA, operated a certain motor vehicle bearing New York State License Plate Number 9C58A and was the registered owner of the aforesaid vehicle, acting at all times in accordance with his ownership of said vehicle.

22.     That upon information and belief, at all times hereinafter mentioned, the Defendant, GOLAM MORTUJA, operated a certain motor vehicle bearing New York State License Plate Number 3K57A.

23.     That upon information and belief, at all times hereinafter mentioned, the Defendant, GOLAM MORTUJA, operated the motor vehicle bearing New York State License Plate Number 3K57A with the knowledge, consent and permission, express or implied of the owner, Defendant, FRED WEINGARTEN.

24.     That upon information and belief, at all times mentioned herein, the Defendant, HILTON HOTELS CORPORATION, maintained a hotel, located at 1335 Avenue of the Americas, New York City, County of New York, for the purpose of housing guests, holding conventions, providing restaurant and bar service to the general public and in every manner associated with a public hotel, inviting both guests and the general public onto its premises.

25.     That upon information and belief, at all times mentioned herein, the Defendant, HILTON HOTELS CORPORATION, was responsible for pedestrian and vehicular traffic both along the perimeter entrance and exit of the hotel facing The Avenue of the Americas, where a circular driveway was staffed and operated by agents, servants and employees of the Defendant, HILTON HOTELS CORPORATION, to be used for pick-up and drop-off of pedestrians from private and livery vehicles and foot traffic as well.

26. That Defendant Hilton Hotels Corporation owed a duty of care to its guests and to pedestrians traversing in front of the hotel entrance, to ensure their safe ingress and egress to and from the aforesaid hotel.

27. That upon information and belief, at all times mentioned herein, the Defendant, HILTON HOTELS CORPORATION, was aware of a known, dangerous and unsafe method of livery vehicles parking and double-parking along the curb-line of The Avenue of the Americas, fronting the Hotel between 53rd and 54th Streets, waiting to be called by the bell staff or other servants, agents or employees of the Defendant, HILTON HOTELS CORPORATION.

28. That upon information and belief, at all times mentioned herein, the Defendant, HILTON HOTELS CORPORATION, created a disorganized and uncontrolled system for waiting livery vehicles, without adequate safeguards, prohibitions, warnings or guidelines for vehicular traffic waiting to enter the front circular driveway.

29. That upon information and belief, at all times mentioned herein, the Defendant, HILTON HOTELS CORPORATION, had no safety procedures in place for the safe entrance or egress of pedestrian traffic as they crossed active travel lanes in front of the hotel entrance or along The Avenue of the Americas, where livery vehicles were in motion at all times, entering or exiting, the aforementioned circular driveway.

30. That as a result of the negligence acts of the defendants herein, on the 24th day of March, 2007, a chain reaction auto collision initiated by contact between Defendant, NANA GHOSH, and Defendant, MOHD D. FARUGUE, and continuing through Defendant, WAI KWOK HA, and Defendant, GOLAM MORTUJA, caused the vehicle of Defendant, GOLAM MORTUJA, to come into forceful contact with the pedestrian-Plaintiff, LOUISE ROGERS TATE, who was a guest at the aforesaid Hilton Hotel and who was properly in the pedestrian crosswalk of West 54th

Street crossing Sixth Avenue, in the County of New York, State of New York at the aforesaid time and place.

31.     That at all times hereinafter mentioned, at the time and place aforesaid, the Defendants, individually and jointly and severally, were so careless, negligent and reckless, in the operation of the aforesaid motor vehicles and the control of traffic along the hotel curbside and front entrance driveway, as to cause the vehicle operated by Defendant, GOLAM MORTUJA, to forcefully be pushed into the pedestrian crosswalk, thereby causing grievous severe, serious and permanent injuries to the plaintiff, LOUISE ROGERS TATE, who sustained severe head trauma and brain injuries as a result of the aforesaid accident.

32.     That the accident and the injuries and damages to the Plaintiff resulting therefrom were caused solely by the negligence of the Defendants.

33.     That as a result of the foregoing, plaintiff, LOUISE ROGERS TATE, has sustained a serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law or economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law.

34.     This action falls within one or more of the exceptions set forth in C.P.L.R. Section 1602.

35.     By reason of the foregoing, Plaintiff, LOUISE ROGERS TATE, has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

36.     That by reason of the foregoing, this plaintiff has been severely damaged and, accordingly, seeks appropriate recompense.

37.     That as a result of the foregoing, the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction herewith, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

38.     Plaintiff demands trial by jury on all issues.

WHEREFORE, Plaintiff, LOUISE ROGERS TATE, demands judgment against each of the Defendants, NANA GHOSH, MICHAEL COHEN, MOHD. D. FARUGUE, ARISTIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA, FRED WEINGARTEN and HILTON HOTELS CORPORATION, for damages on the First Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with interests and the cost of suit.

WHEREFORE, plaintiff demands judgment on each cause of action as set forth in the complaint.

Dated: New York, New York
       June 20, 2007

                                        _____/S_____
                                        JON L. NORINSBERG, ESQ.
                                        Attorney for Plaintiffs
                                        225 Broadway, Suite 2700
                                        New York, New York  10007
                                        (212) 791-5396

INDEX NO. 07 CV 5885                                                          YEAR 2007
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUISE ROGERS TATE,

                Plaintiff,

  -against-

NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA, FRED WEINGARTEN , and HILTON HOTELS CORPORATION

                Defendants.

---

## SUMMONS & COMPLAINT

---

### JON L. NORINSBERG

*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

---

Signature (Rule 130-1.1a)

_____
Print Name Beneath

To
Attorney(s) for  Defendants

---

Service of a copy of the within is hereby admitted.                             Dated
         _____

Attorney(s) for

---

PLEASE TAKE NOTICE
☐    NOTICE OF ENTRY

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on                             20

☐    NOTICE OF SETTLEMENT

       that an order                                                                  of which the within is a true copy
       will be presented for settlement to the HON.                     one of the judges of the
       within named Court, at
       on                                          20                       at
Dated,                                                                                                          Yours, etc.