UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LOUISE ROGERS TATE,
              Plaintiff(s),
   - against -
NAN GHOSH, MICHAEL CHOEN, MOHD D.
FARUGUE, ARISTISIDIS SHISMEROS,
WAI KWOK HA, GOLAM MORTUJA,
FRED WEINGARTEN, and HILTON HOTELS
CORPORATION,
              Defendant(s).
----------------------------------------------------------------x

Justice Castel
07-CV-5885

**Verified Answer**
**Trial by Jury**
**Demanded**

The defendant(s) **NANA GHOSH**, by his Attorney, **MARJORIE E. BORNES**, answering the complaint of the plaintiff(s) **LOUISE ROGERS TATE** herein, respectfully allege(s) upon information and belief, as follows:

### AS AND FOR HIS ANSWER TO THE PARTIES

1.    Denies knowledge or information to form a belief as to each and every allegation contained in paragraph(s) A1", "3", "4", "5", "6", "7", "8" and A9" of the Complaint.

### AS AND FOR HIS ANSWER TO THE JURISDICTION AND VENUE

2.    Denies knowledge or information to form a belief as to each and every allegation contained in paragraph(s) A10" of the Complaint

### AS AND FOR HIS ANSWER TO THE FIRST
### CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LOUISE ROGERS TATE

3.    Denies knowledge or information to form a belief as to each and every allegation contained in paragraph(s) A11", "13", "14", "15", A16", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", and A34" of the Complaint.

4.    Denies each and every allegation contained in paragraph(s) "18" of the Complaint except admits that Ghosh had consent and permission of the owner to operate the vehicle.

5.    Denies each and every allegation contained in paragraph(s) A30" and "31" of the Complaint as to defendants Ghosh.

6.      Denies each and every allegation contained in paragraph(s) A32", "33", "35", "36", and "37" of the Complaint.

## AS AND FOR HIS FIRST AFFIRMATIVE DEFENSE

7.      That the Court lacks personal jurisdiction over the answering defendant(s) in that the Summons and Complaint was not served upon the defendant(s), and if the Summons were served, said service was not in accordance with the applicable provisions of Article 3 of the CPLR, governing the service of process.

## AS AND FOR HIS SECOND AFFIRMATIVE DEFENSE

8.      That by reason of all of the provisions of Article 51 of the New York Comprehensive Motor Vehicle Insurance Reparations Act, ∋5101 to ∋5108, this Court lacks jurisdiction over the subject matter of this action and plaintiff(s) is expressly prohibited by the above mentioned law from maintaining this action.

## AS AND FOR HIS THIRD AFFIRMATIVE DEFENSE

9.      Upon information and belief, pursuant to CPLR ∋1412, any damages sustained by plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care on the part of the plaintiff(s) pursuant to CPLR Article 14-A.

## AS AND FOR HIS FOURTH AFFIRMATIVE DEFENSE

10.     Pursuant to C.P.L.R. 4545, plaintiff(s)'s recovery should be reduced by any amounts received or to be received by plaintiff(s) from collateral sources of payment.

## AS AND FOR HIS FIFTH AFFIRMATIVE DEFENSE

11.     That if it be determined hereafter that plaintiff(s) or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an

adverse ruling to said plaintiff(s) or party, then and in that event, the answering defendant(s) hereby plead said adverse ruling or award on the theory of collateral estoppel under the authority.

### AS AND FOR HIS SIXTH AFFIRMATIVE DEFENSE

12. Plaintiff(s)'s injuries do not meet the jurisdictional amount required for diversity actions in this Court.

### AS AND FOR HIS SEVENTH AFFIRMATIVE DEFENSE

13. That the liability of the defendant(s), if any, does not exceed fifty (50%) percent of the liability assigned to all persons, if any, liable and that the liability of the defendant(s), if any for non-economic loss is limited pursuant to Article 16 of the CPLR.

### AS AND FOR A HIS AFFIRMATIVE DEFENSE

14. If it be determined that each respective plaintiff failed to use available seat belts, defendant(s) pleads said fact in mitigation of damages.

### CROSS-CLAIM AGAINST DEFENDANT(S) MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA, FRED WEINGARTEN, AND HILTON HOTELS CORPORATION

15. That if plaintiff(s) were caused to sustain any injuries and/or damages, as alleged in his Complaint, through the negligence, recklessness, carelessness and/or culpable conduct other than the plaintiff(s)'s own negligence, recklessness, carelessness and/or culpable conduct, said injuries and damages were caused by the negligence, recklessness, carelessness and/or affirmative acts of omission or commission and/or breach of contract and/or other culpable conduct of the co-defendant(s) against whom this cross-claim is pleaded and if any judgment is recovered herein by the plaintiff(s) against the defendant(s) asserting this cross-claim, then said defendant(s) demand indemnification and/or contribution against the co-defendants.

16. By reason of the foregoing, the co-defendants against whom this cross-claim is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, pursuant to

Article Fourteen of the CPLR and on the basis of common law indemnification, are liable in contribution and/or indemnification to the said defendant(s) asserting this cross-claim and if any judgment is recovered herein by the plaintiff(s) against the defendant(s) asserting this cross-claim, the said defendant(s) will be damaged thereby and the co-defendants against whom this cross-claim is pleaded is or will be responsible therefore.

**WHEREFORE**, the defendant(s) **NANA GHOSH** hereby demand judgment dismissing the Complaint with costs or, in the alternative, if the Complaint shall not be dismissed, the amount of damages otherwise recoverable against said defendant(s) shall be diminished in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct, if any, of said defendant(s) and further demand, pursuant to Ə3019(b) of the CPLR, that the ultimate rights of the defendants in this action as amongst themselves be determined in this action, and that the cross-claiming defendant(s) have judgment over and against the co-defendants for the amount of any verdict or judgment which may be obtained herein by the plaintiff(s) against said cross-claiming defendant(s), or in the alternative, for contribution toward such verdict or judgment pursuant to Article 14 of the CPLR, together with costs and disbursements of this action, plus

any and all attorney's fees.

Dated: New York, NY
October 10, 2007                         Yours, etc.,

_____
**MARJORIE E. BORNES, ESQ. MB6505**
Attorneys for Defendant(s)
*Nana Ghosh*
330 West 34th Street - 7th Floor
New York, NY 10001
(212) 857-8252

**TO:**   **JON L. NORINSBERG, ESQ**
Attorney for Plaintiff(s) *Tate*
225 Broadway – Suite 2700
New York, NY 10007
(212) 791-5396

**BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC**
Michael Josephs, Esq.
Attorneys for Defendant(s)
*Mohd D. Faugue*
330 West 34th Street – 7th Floor
New York, NY 10001
(212) 857-8230

**PHILIP J. RIZZUTO, PC**
Attorneys for Defendant(s)
*Wia Kwok Ha*
One Old Country Road – Suite 285
Carle Place, NY 11514
(516) 622-0606

**FRED WEINGARTEN**
54-11 Queens Boulevard
Woodside, NY 11377-4642

**MICHAEL COHEN**
22-05 43rd Avenue
Long Island City, NY 11101-5018

**ARISTIDIS SHISMEROS**
11-06 Broadway
Astoria, NY 11106-4838

**GOLAM MORTUJA**
31-27 34TH Street
Long Island City, NY 11106-1718

**HILTON HOTEL CORPORATION**
9336 Civic Center Drive
Beverly Hills, Ca 90210-3604

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KARA O'GRADY,                                         Justice Marrero
               Plaintiff(s),                              07-CV-8207
    - against -
PAMELA BUTLER, TIFFANY BUTLER,
SINGH GURPINDER and PAL MANDEEP
               Defendant(s).
------------------------------------------------------------------x

### CERTIFICATION OF SERVICE BY EFILING AND MAIL

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK  )

      I hereby certify that on October 10, 2007 the foregoing document **VERIFIED ANSWER TRIAL BY JURY DEMANDED** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District=s Local Rules, and/or the Southern District=s Rules on Electronic Service, upon:

      In addition, on October 10, 2007, I served the same papers described above by depositing a true copy of same enclosed in a post paid properly addressed wrapper in a post office under the exclusive care and custody of the U.S. Postal Service within the State of New York addressed to each attorney or party as follows:

**TO:**    SEE RIDER


_____
MARJORIE E. BORNES, ESQ

**RIDER**

**By electronic filing:**

TO:    **JON L. NORINSBERG, ESQ**
Attorney for Plaintiff(s) *Tate*
225 Broadway – Suite 2700
New York, NY 10007
(212) 791-5396

**BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC**
Michael Josephs, Esq.
Attorneys for Defendant(s)
*Mohd D. Faugue*
330 West 34th Street – 7th Floor
New York, NY 10001
(212) 857-8230

**PHILIP J. RIZZUTO, PC**
Attorneys for Defendant(s)
*Wia Kwok Ha*
One Old Country Road – Suite 285
Carle Place, NY 11514
(516) 622-0606

**By regular mail:**

TO:    **FRED WEINGARTEN**
54-11 Queens Boulevard
Woodside, NY 11377-4642

**MICHAEL COHEN**
22-05 43rd Avenue
Long Island City, NY 11101-5018

**ARISTIDIS SHISMEROS**
11-06 Broadway
Astoria, NY 11106-4838

**GOLAM MORTUJA**
31-27 34TH Street
Long Island City, NY 11106-1718

**HILTON HOTEL CORPORATION**
9336 Civic Center Drive
Beverly Hills, Ca 90210-3604

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDEX # 07-CV-5885

LOUISE ROGERS TATE,
              Plaintiff(s),
  - against -
NAN GHOSH, MICHAEL CHOEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA, FRED WEINGARTEN, and HILTON HOTELS CORPORATION,
              Defendant(s).

## **VERIFIED ANSWER TRIAL BY JURY DEMANDED**

**MARJORIE E. BORNES, ESQ.**
Attorney for Defendant(s) *Singh and Mandeep*
330 West 34th Street - 7th Floor
New York, NY 10001
(212) 857-8252

*TO:*
*Attorney for* _____
*Service of a copy of the within*                *is hereby admitted.*

*Dated*              _____           *Attorneys for*

**PLEASE TAKE NOTICE**
_____ Notice of Entry
that the within is a true copy of a      duly entered in the office of the Clerk of the within Court on        , 200 .

_____ Notice of Settlement
that an order of which the within is a true copy will be presented for settlement to the Hon. , one of the Judges of the within named Court, at      on      at      A.M.
Dated

                                                    **MARJORIE E. BORNES, ESQ.**
                                                    *Attorney for Defendant(s)*
                                                    *Singh and Mandeep*
                                                    330 West 34th Street - 7th Floor
                                                    New York, NY 10001
                                                    212-857-8252

TO:
Attorney for