UNITED STATES DISTRICT COURT                            07-CV-5885
EASTERN DISTRICT OF NEW YORK_____
LOUISE ROGERS TATE,                                    Justice Castel
                              Plaintiff,
        -against-                              **VERIFIED ANSWER**
                                               **AND CROSS-CLAIM**
                                                    **WITH**
NANA GHOSH, MICHAEL COHEN, MOHD D.              **DEMAND FOR**
FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK        **TRIAL BY JURY**
HA, GOLAM MORTUJA, FRED WEINGARTEN, and
HILTON HOTELS CORPORATION,
                              Defendants
_____    File No. 539231


The defendant, MOHD D. FARUGUE, by his attorney, MICHAEL I. JOSEPHS, ESQ**.**,

an Associate of BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC, answers Plaintiff's

Complaint as well as the cross-claims of Defendant Nana Ghosh, and Defendants Fred

Weingarten and Golam Mortuja, by alleging the following upon information and belief:


**I.      DEFENDANT MOHD D. FARUGUE ANSWERS PLAINTIFF'S COMPLAINT:**

        1.      Denies each and every allegation contained in paragraphs number 14, 20, 31, 32,

35, and 37.

        2.      Lacks knowledge sufficient to admit or deny the allegations contained in

paragraphs number 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26,

27, 28, 29, 30, 33, 34, and 36.


**II.     DEFENDANT MOHD D. FARUGUE ANSWERS THE CROSS-CLAIM OF**

**DEFENDANT, NANA GHOSH:**

        3.      Denies paragraphs number 15 and 16 of  said Defendant's answer, which

constitute the allegations of said Defendant's cross-claim.

### III.     DEFENDANT MOHD D. FARUGUE ANSWERS THE CROSS-CLAIM OF DEFENDANTS, FRED WEINGARTEN AND GOLAM MORTUJE:

      4.      Denies paragraphs number 1, 2, and 3 of said Defendants' Cross-claim.

### IV.                    AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

      5.      That the Court lacks personal jurisdiction over the answering defendant(s) in that the Summons and Complaint were not served upon the defendant(s), and if the Summons were served, it was not effected in accordance with the applicable provisions of Article 3 of the CPLR, said provisions governing the service of process.

### V.                    AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE

      6.      Plaintiff(s) did not sustain a "serious injury" and cannot maintain this action under Article 51 of New York's Insurance Law and the action must, therefore, be dismissed.

### VI.                    AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE

      7.      Upon information and belief, pursuant to CPLR §1412, any damages sustained by plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care on the part of the plaintiff(s) pursuant to CPLR Article 14-A.

### VII.                    AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE

      8.      Pursuant to C.P.L.R. 4545, plaintiff(s)'s recovery should be reduced by any amounts received or to be received by plaintiff(s) from collateral sources of payment.

**VIII.**        **AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE**

9.        That if it be determined hereafter that plaintiff(s) or any party to this lawsuit has

proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling

to said plaintiff(s) or party, then and in that event, the answering defendant(s) hereby plead said adverse

ruling or award on the theory of collateral estoppel under the authority.


**IX.**        **AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE**

10.        Plaintiff's injuries do not meet the jurisdictional amount required for actions in this Court.


**X.**        **AS AND FOR THEIR SEVENTHTH AFFIRMATIVE DEFENSE**

11.        That the liability of the defendant(s), if any, does not exceed fifty (50%) percent of the

liability assigned to all liable persons, if any, and therefore the liability of the defendant(s), if any, for

non-economic loss is limited pursuant to Article 16 of the CPLR.


**XI.**    **CROSS-CLAIM  AGAINST DEFENDANTS NANA GHOSH, MICHAEL COHEN,**

**ARISTIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA, FRED**

**WEINGARTEN, AND HILTON HOTELS CORPORATION**

12.        If Plaintiff was caused to sustain any injuries and/or damages, as alleged in her

Complaint, through the negligence, recklessness, carelessness and/or culpable conduct other than the

Plaintiff's own negligence, recklessness, carelessness and/or culpable conduct, said injuries and damages

were caused by the negligence, recklessness, carelessness and/or affirmative acts of omission or

commission and/or other culpable conduct of the co-defendants against whom this cross-claim is brought,

and if any judgment is recovered herein by the plaintiff against the instant defendant, then this defendant

demands indemnification and/or contribution from the co-defendants.

13.        By reason of the foregoing, the co-defendants against whom this cross-claim is

pleaded, on the basis of apportionment of responsibility for the alleged occurrence, pursuant to

Article Fourteen of the CPLR, and on the basis of common law indemnification, are liable in

contribution and/or indemnification to the instant defendant, asserting this cross-claim, and if any

judgment is recovered herein by the plaintiff against the instant defendant, this defendant will be

damaged thereby and the co-defendants against whom this cross-claim is pleaded is or will be

responsible therefore.


W H E R E F O R E, the answering Defendant, MOHD D. FARUGUE, hereby

demand(s) judgment dismissing the Complaint with costs or, in the alternative, if the Complaint

shall not be dismissed, than the amount of damages otherwise recoverable against the instant

Defendant shall be diminished in the proportion to the culpable conduct attributable to any and

all of the co-defendants as well as that of the Plaintiff, if any.  Accordingly, the instant answering

Defendant further demand, pursuant to §3019(b) of the CPLR, that the ultimate rights of the

Defendant(s) in this action as amongst themselves be determined, and that the instant Defendant

have judgment over and against any and all Co-defendants found to be liable for the amount of

any verdict or judgment which may be obtained herein by the Plaintiff(s) against the instant

Defendant, or in the alternative, pursuant to Article 14 of the CPLR, that the instant Defendant

obtain contribution toward any verdict or judgment in this action, together with costs and

disbursements, as well as attorneys' fees.   In the event that this case goes to trial, demand is

hereby made for a trial by jury.


Dated: New York, N.Y.
    October 24, 2007                          MICHAEL I. JOSEPHS, ESQ.
                                     Baker, McEvoy, Morrissey & Moskovits, PC

4

Attorneys for Defendant
MOHD D. FARUGUE
330 West 34th Street, 7th Floor
New York, New York 10001
212 845-8744


_____
Michael I. Josephs, Esq.


TO:

JORDAN HECHT, ESQ.
HECHT KLEEGER PINTEL & DAMASHEK
Attorney for Plaintiff, LOUISE ROGERS TATE
275 Madison Avenue, Suite 1100
New York, NY 10279-0003
212-490-5700

MARJORIE BORNES, ESQ.
Attorney for Defendant, NANA GHOSH
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

PHILIP J RIZZUTO, PC
Attorney for Defendant, WIA KWOK HA
One Old Country Road, Suite 285
Carle Place, NY 11514
516-622-0606

FIDEL F. DEL VALLE, ESQ.
GERBER & GERBER, PLLC
Attorneys for Defendants, FRED WEINGARTEN and GOLAM MORTUJA
26 Court Street, Suite 1405
Brooklyn, New York 11242
718-834-0559

UNITED STATES DISTRICT COURT                                07-CV-5885
EASTERN DISTRICT OF NEW YORK_____
LOUISE ROGERS TATE,                                      Justice Castel
                                    Plaintiff,
                    -against-

NANA GHOSH, MICHAEL COHEN, MOHD D.
FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK
HA, GOLAM MORTUJA, FRED WEINGARTEN, and
HILTON HOTELS CORPORATION,
                                    Defendants
_____    File No. 539231


CERTIFICATION OF SERVICE BY ELECTRONIC FILING

State of New York    )
                         ss.
County of New York)


      Michael Josephs, an attorney admitted to practice in the United States District

Court for the Southern District of New York, hereby certifies that on October 24, 2007,

an Answer To Plaintiff's Complaint and the Crossclaims of Defendant NANA GHOSH

and Defendants, FRED WEINGARTEN and GOLAM MORTUJA, were filed

electronically with the Clerk of the Court, and therefore available for copying by the

other parties in this case:

JORDAN HECHT, ESQ.
HECHT KLEEGER PINTEL & DAMASHEK
Attorney for Plaintiff, LOUISE ROGERS TATE
275 Madison Avenue, Suite 1100
New York, NY 10279-0003
212-490-5700

MARJORIE BORNES, ESQ.
Attorney for Defendant, NANA GHOSH
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

PHILIP J RIZZUTO, PC
Attorney for Defendant, WIA KWOK HA
One Old Country Road, Suite 285
Carle Place, NY 11514
516-622-0606

FIDEL F. DEL VALLE, ESQ.
GERBER & GERBER, PLLC
Attorneys for Defendants, FRED WEINGARTEN and GOLAM MORTUJA
26 Court Street, Suite 1405
Brooklyn, New York 11242
718-834-0559

**Attorneys for Defendants Michael Cohen, Aristidis Shismeros, and Hilton Hotel
Corporation are not known to the certifier at this time.


Dated:  October 24, 2007
          New York, New York          _____
                                              Michael I. Josephs, Esq.