UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LOUISE ROGERS TATE,

       Plaintiff

  -against-

NALA GHOSH, MICHAEL COHEN, MOHD D.
FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA,
GOLAM MURTUJA, FRED WEINGARTEN and
HILTON HOTELS CORPORATION,

       Defendants
-----------------------------------------------------------------------X

Index No.: 07-CV-5885

**VERIFIED ANSWER AND CROSS CLAIM**

**C O U N S E L :**

    Defendant, KWOK WAI HA s/h/a WAI KWOK HA, by his attorneys, PHILIP J. RIZZUTO, P.C., answering the complaint of the plaintiff herein, respectfully alleges upon information and belief, as follows:

    1.    Denies each and every allegation in the paragraphs of the complaint designated as follows: 30, 31, 32, 33, 35, 36, 37.

    2.    Denies any knowledge or information thereof, sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: 1, 2, 3, 4, 5, 7, 8, 9, 11, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29,

    3.    Denies paragraph numbers 10 and 34 and refers questions of law to the Court.

    4.    Admits paragraph numbers 6, 12 and 15.

### FIRST AFFIRMATIVE DEFENSE

That the Court lacks personal jurisdiction over the answering defendant in that the summons and complaint was not served upon the defendant, and if the summons was served, it was not effected in accordance with the applicable provisions of Article 3 of the CPLR, said provisions governing the service of process.

### SECOND AFFIRMATIVE DEFENSE

That by reason of all of the provisions of Article 51 of the New York Comprehensive Motor Vehicle Insurance Reparations Act, Sections 5101 to 5108, this Court lacks jurisdiction over the subject matter of this action and plaintiff is expressly prohibited by the above mentioned law from maintaining this action.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to the C.P.L.R. Section 1412, any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence or assumption of the risk, and not by the culpable conduct or negligence of the answering defendants.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to C.P.L.R. 4545, plaintiff's recovery should be reduced by any amounts received or to be received by plaintiff from collateral sources of payment.

### FIFTH AFFIRMATIVE DEFENSE

That if the plaintiff suffered injury and damages in the manner and at the time and place alleged in the complaint, which this defendant denies then said injury and damages were caused and contributed to by reason of the comparative negligence of plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

That if it be determined hereafter that plaintiff or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said plaintiff or party, then and in that event, the answering defendants hereby plead said adverse ruling or award on the theory of collateral estoppel under the authority of *MATTER OF AMERICAN INSURANCE CO. (MESSENGER-AETNA CAS, & SUR. CO.)*, 43 N.Y.2d 184, 401 N.Y.S.2d 36; *ALTMAN v. QUEENS TR. CORP.,* 94 Misc.2d 549, 405 N.Y.S.2d 212; *DEMATOSSIAN  v. NEW YORK CITY TRANSIT AUTHORITY,* 67 N.Y.2d 219, 501 N.Y.S.2d 784; c.f. *BALDWIN v. BROOKS*, 83 A.D.2d 85, 443 N.Y.S.2d 906; *CLEMMENS v. APPLE,* 65 N.Y.2d 746 and *SCHULTZ v. BOYSCOUTS OF AMERICA,* 65 N.Y.2d 189.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set off, pursuant to General Obligations Law §15-108, of co-defendant's settlement or in the amount of the released co-defendant's equitable share of the damages under Article Fourteen of the C.P.L.R., whichever is the greatest.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, any damages sustained by the plaintiff were caused by plaintiff's having voluntarily and unreasonably assumed a known and dangerous risk, and/or damages were caused by or aggravated by such conduct.

### AS AND FOR A CROSS COMPLAINT AGAINST CO-DEFENDANTS

That if the plaintiff was caused to sustain any injury and damages as alleged in the complaint through the negligence or culpable conduct other than the plaintiff's own negligence or culpable conduct, the alleged injury and damages were caused by the negligence or culpable conduct of the co-defendants of the answering defendants named as parties to this action in

failing to properly operate, control and/or maintain their motor vehicles at the time and place and under the circumstances alleged in the complaint, and that the answering defendants demand indemnification and/or contribution pursuant to *DOLE v. DOW CHEMICAL CORP.* 30 N.Y.2d 382 and Article 14 of the C.P.L.R. from said co-defendants for all or part of any verdict or judgment which the plaintiff may recover against the answering defendants.

**WHEREFORE,** the defendants demand judgment dismissing the plaintiff's complaint together with the costs and disbursements of this action.

Dated: Carle Place, New York
October 24, 2007

Yours, etc.,

_____
Philip J. Rizzuto  (1101)
PHILIP J. RIZZUTO, P.C.
Attorneys for Defendants
KWOK WAI HA
One Old Country Road – Suite 285
Carle Place, New York 11514
(516) 622-0606
Our File No. 62-0087

TO:
JON. L. NORINSBERG, ESQ.
Attorney for Plaintiff
225 Broadway, suite 2700
New York, New York 10007
212/791-5396

HECHT, KLEEGER, PINTEL & DAMASHEK
Attorneys for Plaintiff
275 Madison Avenue
Suite 1100
New York, New York 10016
212/490-5700

MARJORIE E. BORNES
Attorney for Defendants
NAN GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS
330 West 34th Street
New York, New York 10001
212/857-8252

FIDEL F. DEL VALLE
Attorneys for Defendants Golam Mortuja and Fred Weingarten
26 Court Street, Suite 1405
Brooklyn, New York 11242
718/258-3096

STATE OF NEW YORK )
                       ss:
COUNTY OF NASSAU )

## VERIFICATION

PHILIP J. RIZZUTO, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, under the penalties of perjury affirms the following:

That he is a member of the law firm of PHILIP J. RIZZUTO, P.C., the attorneys of record for Defendant HA in the within action. That he has read the foregoing ANSWER WITH CROSS CLAIM and knows the contents thereof. That the same is true to his own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.

Affirmant further states that the source of his information and the grounds of his belief as to all the matters therein not stated upon her knowledge are: Interviews and/or discussions had with said defendant and reports of investigation caused to be made by the defendant and/or documents which are now in affirmant's possession and other pertinent data relating thereto.

The reason this affirmation is being made by counsel and not the answering defendant is because the answering defendant does not reside in the same county as counsel.

Dated: Carle Place, New York
        October 24, 2007

                                                   PHILIP J. RIZZUTO (1101)