UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUISE ROGERS TATE,

                         Plaintiff

NANA GHOSH, MICHAEL COHEN, MOHD D.
FARUGUE, ARISTISIDIS SHISMEROS,
WAI KWOK HA, GOLAM MORTUJA,
FRED WEINGARTEN, and HILTON HOTELS
CORPORATION,

                         Defendants.
------------------------------------------------------------------X

Case No.: 07 CV 5885

**ANSWER TO COMPLAINT**

Judge Assigned:
Judge Castel

      Defendant HILTON HOTELS CORPORATION, by its attorneys, KAUFMAN BORGEEST & RYAN LLP, as and for its Answer to plaintiff's Complaint, states upon information and belief as follows:

### AS AND FOR AN ANSWER TO "THE PARTIES"

      FIRST:    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "1" of plaintiff's Complaint.

      SECOND:    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "2" of plaintiff's Complaint.

      THIRD:    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "3" of plaintiff's Complaint.

FOURTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "4" of plaintiff's Complaint.

FIFTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "5" of plaintiff's Complaint.

SIXTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "6" of plaintiff's Complaint.

SEVENTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "7" of plaintiff's Complaint.

EIGHTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "8" of plaintiff's Complaint.

NINTH: Answering defendant denies the truth of the allegations contained in the paragraph designated "9" of the plaintiff's Complaint, except admits that HILTON HOTELS CORPORATION is a Delaware Corporation, which is registered as a foreign business corporation in New York and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

TENTH:    Answering defendant denies the truth of the allegations contained in the paragraph designated "10" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE "FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LOUISE ROGERS TATE"

ELEVENTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "11" of plaintiff's Complaint.

TWELFTH:   Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "12" of plaintiff's Complaint.

THIRTEENTH:   Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "13" of plaintiff's Complaint.

FOURTEENTH:   Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "14" of plaintiff's Complaint.

FIFTEENTH:   Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "15" of plaintiff's Complaint.

SIXTEENTH:   Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "16" of plaintiff's Complaint.

SEVENTEENTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "17" of plaintiff's Complaint.

EIGHTEENTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "18" of plaintiff's Complaint.

NINETEENTH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "19" of plaintiff's Complaint.

TWENTIETH: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "20" of plaintiff's Complaint.

TWENTY-FIRST: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "21" of plaintiff's Complaint.

TWENTY-SECOND: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "22" of plaintiff's Complaint.

TWENTY-THIRD: Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "23" of plaintiff's Complaint.

TWENTY-FOURTH: Answering defendant denies the truth of the allegations contained in the paragraph designated "24" of the plaintiff's Complaint,

except admits that HILTON HOTELS CORPORATION operated a hotel, located at 1335 Avenue of the Americas, New York City, County of New York, and respectfully refers all questions of law to the Court.

TWENTY-FIFTH:    Answering defendant denies the truth of the allegations contained in the paragraph designated "25" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWENTY-SIXTH:    Answering defendant denies the truth of the allegations contained in the paragraph designated "26" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWENTY-SEVENTH:    Answering defendant denies the truth of the allegations contained in the paragraph designated "27" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWENTY-EIGHTH:    Answering defendant denies the truth of the allegations contained in the paragraph designated "28" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

TWENTY-NINTH:    Answering defendant denies the truth of the allegations contained in the paragraph designated "29" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

THIRTIETH:    Answering defendant denies the truth of the allegations contained in the paragraph designated "30" of the plaintiff's Complaint as to HILTON HOTELS CORPORATION, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants, NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA,

GOLAM MORTUJA and FRED WEINGARTEN, and respectfully refers all questions of law to the Court.

THIRTY-FIRST: Answering defendant denies the truth of the allegations contained in the paragraph designated "31" of the plaintiff's Complaint as to HILTON HOTELS CORPORATION, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants, NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA and FRED WEINGARTEN, and respectfully refers all questions of law to the Court.

THIRTY-SECOND: Answering defendant denies the truth of the allegations contained in the paragraph designated "32" of the plaintiff's Complaint as to HILTON HOTELS CORPORATION, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants, NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA and FRED WEINGARTEN, and respectfully refers all questions of law to the Court.

THIRTY-THIRD: Answering defendant denies the truth of the allegations contained in the paragraph designated "33" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

THIRTY-FOURTH: Answering defendant denies the truth of the allegations contained in the paragraph designated "34" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

THIRTY-FIFTH:  Answering defendant denies the truth of the allegations contained in the paragraph designated "35" of the plaintiff's Complaint.

THIRTY-SIXTH:  Answering defendant denies the truth of the allegations contained in the paragraph designated "36" of the plaintiff's Complaint.

THIRTY-SEVENTH:  Answering defendant denies the truth of the allegations contained in the paragraph designated "37" of the plaintiff's Complaint and respectfully refers all questions of law to the Court.

THIRTY-EIGHTH:  Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "38" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Whatever injuries and/or damages Plaintiff may have sustained at the time and place mentioned in the Complaint and/or as a result of the occurrence alleged in the Complaint, all of which is denied by HILTON HOTELS CORPORATION, were caused in whole or in part by the culpable conduct of the Plaintiff. The amount of damages recovered, if any, shall therefore be diminished in proportion to which the culpable conduct attributable to Plaintiff bears on her injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

All risks and danger of loss or damages connected with the situation alleged in the Complaint were at the time and place mentioned obvious and apparent, and were known and voluntarily assumed by Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom HILTON HOTELS CORPORATION neither had nor exercised control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

HILTON HOTELS CORPORATION'S liability is limited by the provisions of Article 16 of the Civil Practice Law and Rules.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any verdict, judgment or decision that might be obtained by Plaintiff against HILTON HOTELS CORPORATION shall be reduced by the amount of any collateral source payments received by Plaintiff pursuant to CPLR § 4545(c) as determined by the Court.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the accident did not occur on premises owned or operated by HILTON HOTELS CORPORATION, but rather took place on the public roadway owned by the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name indispensable parties to this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff is not in privity with answering defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain a serious injury as defined by NY Insurance Law §5102.

### CROSS-CLAIMS AGAINST CO-DEFENDANTS, NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA and FRED WEINGARTEN

Upon information and belief, if Plaintiff sustained any damages as alleged in the Complaint, all of which are denied by HILTON HOTELS CORPORATION, said damages were caused by the negligence, culpable conduct, breach of contract and/or wrongful acts of Defendants NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA and FRED WEINGARTEN, their agents, servants and/or employees, and not through any acts of negligence, culpable or wrongful conduct on the part of HILTON HOTELS CORPORATION, their agents, servants and/or employees.

Consequently, HILTON HOTELS CORPORATION is entitled to full indemnity, either by common law or contract and/or contribution from, and to judgment over and against NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA and FRED WEINGARTEN for the full indemnification, or for contribution in the amount of the excess paid by HILTON HOTELS CORPORATION over and above its equitable share of the judgment, verdict

and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

WHEREFORE, answering defendant, HILTON HOTELS CORPORATION, hereby demands judgment dismissing the Plaintiff's Complaint herein, and, alternatively, demands judgment against the defendants, NANA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE, ARISTISIDIS SHISMEROS, WAI KWOK HA, GOLAM MORTUJA and FRED WEINGARTEN, for full indemnification or for contribution in the amount of the excess paid by this answering defendant over and above its equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this Court may deem just and proper.

Dated: Valhalla, New York
   October 25, 2007

                Respectfully submitted,

                _____
                KAUFMAN BORGEEST & RYAN LLP
                By: Michael P. Mezzacappa, Esq. (MM 0757)
                Attorneys for Defendant
                HILTON HOTELS CORPORATION
                200 Summit Lake Drive, First Floor
                Valhalla, New York 10595
                (914) 741-6100
                Our File No.: 747.004

TO: JON L. NORINSBERG, ESQ.
    Attorneys for Plaintiff
    225 Broadway, Suite 2700
    New York, New York 10007
    (212) 791-5396

HECHT, KLEEGER, PINTEL & DAMASHEK
Attorneys for Plaintiff
275 Madison Avenue
Suite 1100
New York, New York  10016
(212) 490-5700

MARJORIE E. BORNES
Attorney for Defendants
NANA GHOSH, MICHAEL COHEN,
MOHD D. FARUGUE and ARISTISIDIS SHISMEROS
330 West 34th Street
New York, New York  10001
(212) 857-8252

PHILIP J. RIZZUTO, PC
Attorneys for Defendant
WAI KWOK HA
One Old Country Road – Suite 285
Carle Place, New York  11514
(516) 622-0606

GERBER & GERBER, PLLC
Attention:  Fidel F. DelValle, Esq.
Attorneys for Defendants
GOLAM MORTUJA and FRED WEINGARTEN
26 Court Street, Suite 1405
Brooklyn, New York  11242
(718) 834-0559

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

**NANCY BARBATO**, being duly sworn, deposes and says:

That deponent is not a party to this action, is over 18 years of age and resides in Westchester County, New York.

That on the 26th day of October, 2007, deponent served the within **ANSWER TO COMPLAINT** upon:

JON L. NORINSBERG, ESQ.
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York  10007
(212) 791-5396

HECHT, KLEEGER, PINTEL & DAMASHEK
Attorneys for Plaintiff
275 Madison Avenue
Suite 1100
New York, New York  10016
(212) 490-5700

MARJORIE E. BORNES
Attorney for Defendants
NANA GHOSH, MICHAEL COHEN,
MOHD D. FARUGUE and ARISTISIDIS SHISMEROS
330 West 34th Street
New York, New York  10001
(212) 857-8252

PHILIP J. RIZZUTO, PC
Attorneys for Defendant
WAI KWOK HA
One Old Country Road – Suite 285
Carle Place, New York  11514
(516) 622-0606

GERBER & GERBER, PLLC
Attention: Fidel F. DelValle, Esq.
Attorneys for Defendants
GOLAM MORTUJA and FRED WEINGARTEN
26 Court Street, Suite 1405
Brooklyn, New York 11242
(718) 834-0559

  The attorneys for the respective parties in this action at the above addresses designated by said attorneys for that purpose by depositing a true copy thereof in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

                NANCY BARBATO

Sworn to before me this
26th day of October, 2007.

_____
Notary Public

JACQUELINE M. GARRETT
Notary Public, State of New York
No. 4853431
Qualified in Westchester County
Commission Expires July 7, 2010