UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LOUISE ROGERS TATE,

      Plaintiff

  -against-

NALA GHOSH, MICHAEL COHEN, MOHD D. FARUGUE,
ARISTISIDIS SHISMEROS, WAI KWOK HA,
GOLAM MURTUJA, FRED WEINGARTEN and
HILTON HOTELS CORPORATION,

      Defendants
-----------------------------------------------------------------------X

Index No.: 07-CV-5885

**DEFENDANT HA'S FIRST SET OF INTERROGATORIES**

**S I R S:**

    **PLEASE TAKE NOTICE,** that plaintiff is hereby requested to furnish answers to the following interrogatories:

**INSTRUCTIONS AND DEFINITIONS**

    1.  The provisions of Local Rules 26.2, 26.3, 33.1, 33.3 relating to claims of privilege, uniform definitions, references to records, and interrogatories apply to and are incorporated by reference.

    2.    Documents produced shall be Bates-stamped or otherwise numbered sequentially.

    3.    The answer to these interrogatories shall be promptly supplemented and amended as required to Rule 26(e) of the Federal Rules of Civil Procedure.

    4.    In the event that an answer to any interrogatory is made by ference to records from which the answer may be derived or ascertained, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, provide the information required by Local Rule 33.1 and maek the documents

or ESI referred to available for inspection and copying within ten (10) days after the service of answer to these interrogatories as required by Local Rule 33.1(d).

5. Separate answers should be accorded to each interrogatory and to each of its subparts, if any, but information sought by one interrogatory may be furnished by referring to plaintiff's answer to another. However, interrogatories should not be joined together with a common answer.

6. As used in these interrogatories, the term "complaint" shall mean the particular complaint(s) including all amendments and/or supplements thereto, which have been filed in the jurisdiction in which these interrogatories are duly filed and/or served upon plaintiff.

7. As used in these interrogatories, the term "fact" refers to all evidentiary facts presently known to defendant HA and all evidentiary facts, the existence of which is presently inferred by defendant HA from the existence of any combination of evidentiary and/or ultimate facts.

8. As used in these interrogatories, the term "person" or "persons" means all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization business and/or governmental entity or agency (public or private) having a separate identification recognized in law or in fact.

## INTERROGATORIES

1. Please state the date of birth and residence of the plaintiff.

2. Please state the date and exact time of the day of the occurrence.

3. Please state the exact location of the occurrence including the street or streets, with reference to intersections, cross roads, corners or curbs, where necessary, to accurately locate the place and the direction in which each vehicle involved was traveling.

4. Please describe, in detail, how it is claimed the accident occurred.

5. Where was the plaintiff in relationship to defendant HA"s vehicle?

6. How far was plaintiff from defendant HA's vehicle?

7. Please state what part of the defendant HA's vehicle came into contact with plaintiff?

8. Please state what speed defendant HA's vehicle was traveling just before the happening of the accident.

9. Please state what vehicle, if any, came into contact with defendant HA's vehicle.

10. In what direction was plaintiff walking prior to impact?

11. Please state where plaintiff walking from prior to impact.

12. Please state where plaintiff walking to had the impact not occurred.

13. Please state what plaintiff was carrying, if anything, at the time of impact.

14. Please state if plaintiff owns a cell phone? If yes, what is the plaintiff's cell phone number and cell phone service provider.

15. Please state the year, make and model of each vehicle involved in this accident.

16. Please provide a statement of the acts and/or omissions constituting the negligence as set forth in plaintiff's complaint on the part of this/these answering defendant.

17. Please provide a statement of the acts and/or omissions constituting the negligence as set forth in plaintiff's complaint, claimed on the part of each co-defendant, if applicable.

18. With regard to any claims for personal injuries, please provide a separate statement for each said plaintiff specifying in detail:

    a) A full description of said injuries;

    b) Which of said injuries are claimed still to exist;

    c) Which of said injuries are claimed to be permanent;

19. Please set forth the length of time plaintiff was confined to bed as a result of the

incident complained of.

20. Please set forth the length of time plaintiff was confined to home as a result of the incident complained of.

21. Please state the name and address of each hospital, clinic or institution where treatment or examination was rendered to the plaintiff, setting forth the dates of admission to the hospital or institution;

   a) If the plaintiff was treated by a physician or healthcare provider other than at the hospital, clinic or institution, give the names and addresses of such physician or healthcare provider, setting forth the number of visits it is claimed that the plaintiff made to the physician for treatment or examination.

22. If lost earnings are claimed, please set forth the name and address of the employer, together with a statement as to the nature of the plaintiff's employment.

23. Please state the length of time necessarily incapacitated from employment as a result of the accident.

24. If the plaintiff is self-employed, please set forth the name under which the plaintiff does business and the business address.

25. State the total amount claimed as lost earnings and how such earnings were computed, setting for the plaintiff's average weekly earnings for the one-year period merely preceding the incident alleged in the Verified Complaint.

26. If the plaintiff was necessarily out of school, please set forth the name and address of the school attended, and the length of time incapacitated from attending such school.

27. Please set forth the total amounts claimed in special damages for:

   a) Physicians' services;
   b) Medical expenses;
   c) Nurses' expenses;

    d)  Hospital expenses;

    e)  Any other expenses;

    f)  If any of the above amounts were paid pursuant to coverage under Comprehensive Automobile Insurance Reparation Act, state the amounts thereof and the name of the insurance company which made such payment.

  28.  If there is a claim for property damage, identify the property, accurately state the course of the property and value before and after the occurrence.

  29.  Set forth an itemized list of the property damage claimed, including the cost of repair for each item.

  30.  Set forth any index number obtained with respect to this action.

  31.  Please state the caption and index number of any other action pending for damages presented herein.

  32.  What is plaintiff's social security number?

  33.  What chapter, article, section and paragraph each and every law, rule, regulation, statute or ordinance, if any, is claimed the defendant has violated?

  34.  If the injuries alleged are claimed to have arisen out of the use or operation of a motor vehicle, state in which respect each plaintiff has sustained the "serious injury" as defined in Insurance Law §5102(d) or economic loss greater than basic economic loss as defined in Insurance Law §5102(a).

  35.  Please set forth what prior accidents or lawsuits plaintiff has been involved in.

Dated: Carle Place, New York
       November 21, 2007

                                                      Yours, etc.,

                                                     _____
                                                     PHILIP J. RIZZUTO (1101)
                                                     PHILIP J. RIZZUTO, P.C.
                                                     Attorneys for Defendant HA
                                                     One Old Country Road, Suite 285
                                                     Carle Place, New York 11514
                                                     516/622-0606

TO:
JON L. NORINSBERG, ESQ.
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
212/791-5396

HECHT, KLEEGER, PINTEL & DAMASHEK
Attorneys for Plaintiff
275 Madison Avenue
Suite 1100
New York, New York 10016
212/490-5700

MARJORIE E. BORNES, ESQ.
Attorneys for Defendants
NANA GHOSH & MICHEAL COHEN
330 West 34th Street
New York, New York 10001
(212) 857-8252

GERBER & GERBER
Attorneys for Defendants
GOLAM MORTUJA & FRED WEINGARTEN
26 Court Street Suite 1405
Brooklyn, NY   11242
(718) 258-3096

KAUFMAN BORGEEST & RYAN, LLP
Attorneys for Hilton Hotels Corp
200 Summit Lake Drive, First Floor
Valhalla, New York 10595
914/741-6100

MICHAEL COHEN
22-05 43rd Avenue
Long Island City, New York 11101-5018

ARISTISIDIS SHISMEROS
11-06 Broadway
Astoria, New York 11106-4838