UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X Docket No.: 07 CV 5885
LOUISE ROGERS TATE                                                (Castel, J.)

                                Plaintiff,                                    **ANSWER**

   -against-

NANA GHOSH, MICHAEL COHEN, MOHD D.
FARUGUE, ARISTISIDIS SHISMEROS,
WAI KWOK HA, GOLAM MORTUJA,
FRED WEINGGARTEN, and HILTON HOTELS
CORPORATION,

                                Defendant,
-----------------------------------------------------------------X

SIRS:

      Defendant, ARISTIDIS SHISMENOS /s/h/a ARISTISIDIS SHISMEROS, by his attorneys, Schirmer & Stathopoulos, P.C., answering the complaint of the plaintiff, upon information and belief, sets forth as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the plaintiff's complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the plaintiff's complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the plaintiff's complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the plaintiff's complaint.

5. Denies each and every allegation contained in Paragraph "5" of the plaintiff's complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the plaintiff's complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the plaintiff's complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the plaintiff's complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the plaintiff's complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the plaintiff's complaint and refers all questions of law to this Honorable Court at the time of trial.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the plaintiff's complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the plaintiff's complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the plaintiff's complaint.

14. Denies each and every allegation contained in Paragraph "14" of the plaintiff's complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the plaintiff's complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the plaintiff's complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the plaintiff's complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the plaintiff's complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the plaintiff's complaint.

20. Denies each and every allegation contained in Paragraph "20" of the plaintiff's complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the plaintiff's complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the plaintiff's complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the plaintiff's complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the plaintiff's complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the plaintiff's complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the plaintiff's complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the plaintiff's complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the plaintiff's complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the plaintiff's complaint.

30. Denies each and every allegation contained in Paragraph "30" of the plaintiff's complaint in so far as this answering defendant is concerned.

31. Denies each and every allegation contained in Paragraph "31" of the plaintiff's complaint in so far as this answering defendant is concerned.

32. Denies each and every allegation contained in Paragraph "32" of the plaintiff's complaint in so far as this answering defendant is concerned.

33. Denies each and every allegation contained in Paragraph "33" of the plaintiff's complaint and refers all questions of law to this Honorable Court at the time of trial.

34. Denies each and every allegation contained in Paragraph "34" of the plaintiff's complaint and refers all questions of law to this Honorable Court at the time of trial.

35. Denies each and every allegation contained in Paragraph "35" of the plaintiff's complaint.

36. Denies each and every allegation contained in Paragraph "36" of the plaintiff's complaint.

37. Denies each and every allegation contained in Paragraph "37" of the plaintiff's complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the plaintiff's complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

39. That the injuries and damages to the plaintiff were caused in whole and/or part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and any such alleged damages should be fully or partially

diminished by said culpable conduct and want of care pursuant to CPLR Article 14A.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. That upon information and belief, plaintiff has failed to meet the requirements set forth in Article 51 et seq. of the Insurance Law of the State of New York relating to the right to maintain an action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. That upon information and belief, plaintiff failed to use the available seat belt and other safety devices provided in the said automobile and thus failed to mitigate or completely prevent plaintiff's injuries and damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. That the plaintiff received remuneration and/or compensation for some or all of her claimed economic loss and that the defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. That the plaintiff failed to mitigate plaintiff's damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. That the defendant was suddenly confronted with, and was called upon to react in, an emergency situation not created by the defendant's own actions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45. This Court lacks jurisdiction over the persons and issues in this lawsuit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

46. This Court lacks jurisdiction over this answering defendant upon the grounds of improper, ineffective and/or defective service of process.

Dated: Long Island City, New York
December 12, 2007

        Yours, etc.,
        Schirmer & Stathopoulos, P.C.

        _____
        Ioannis P. Gloumis, Esq. (IG-0478)
        Attorneys for Plaintiff
        36-12 34th Avenue, Suite 300
        Long Island City, New York 11106
        (718) 707-2915

TO:    Jon L. Norinsberg, Esq.
        Attorneys for Plaintiff
        225 Broadway, Suite 2700
        New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOUISE ROGERS TATE                                                    DOCKET NO.: CV 07 5885

                Plaintiff
- against-

NANA GHOSH, MICHAEL COHEN, MOHD D.
FARUGUE, ARISTISIDIS SHISMEROS,
WAI KWOK HA, GOLAM MORTUJA,
FRED WEINGGARTEN, and HILTON HOTELS
CORPORATION,

                Defendant(s)
------------------------------------------------------------------------X

## ANSWER

SCHIRMER & STATHOPOULOS, P.C.

Attorneys for Defendant
**Aristidis Shismenos**
Office and Post Office Address
36-12 34th Avenue, Suite 300
Long Island City, New York 11106
(718) 707-2915

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for                                                         ..........................................

Yours, etc.,
Schirmer & Stathopoulos, P.C.

_____
Ioannis P. Gloumis, Esq. (IG-0478)
Attorneys for Plaintiff
36-12 34th Avenue, Suite 300
Long Island City, New York 11106
(718) 707-2915