**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**LOUISE ROGERS TATE**

                       **Plaintiff,**

      -against-

**NANA GHOSH, GOLDEN CHILD CORP, MOHD D. FARUGUE, NAFPAKTOS, INC., WAI KWOK HA, GOLAM MORTUJA, BECK CAB CORP,**
                       **Defendants.**
-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**07 CV 5885**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff, by her attorney HECHT, KLEEGER, PINTEL & DAMASHEK complaining of defendants, respectfully allege the following:

## THE PARTIES

1. Plaintiff, Louise Rogers Tate, is a citizen of the State of North Carolina, residing at 8623 Harmony Church Road, Efland, North Carolina.

2. Upon information and belief, NANA GHOSH, is a citizen of the State of New York, residing at 106-17 Union Turnpike, Forest Hills, New York.

3. Upon information and belief, GOLDEN CHILD CAB CORP (hereinafter GOLDEN CHILD is domestic corporation doing business in the State of New York.

4. Upon information and belief, MOHD D. FARUGUE, is a citizen of the State of New York, residing at 86-54 85th Street, Woodhaven, New York.

5. Upon information and belief, NAFPAKTOS, INC is a domestic corporation doing business in the State of New York.

6. Upon information and belief, WAI KWOK HA, is a citizen of the State of New York, residing at 50-11 60 Street, Woodside, New York.

7. Upon information and belief, GOLAM MORTUJA, is a resident of the State of New York, residing at 31-27 34th Street, Long Island City, New York.

8. Upon information and belief BECK CAB CORP is domestic corporation doing business in the State of New York.

## JURISDICTION AND VENUE

9. Jurisdiction arises under 28 U.S.C. §1331, and the matter in controversy exceeds the sum specified by 28 U.S.C. § 1332. Venue is proper in this District by virtue of 28 U.S.C. § 1391, in that this is the District in which the subject accident occurred.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, LOUISE ROGERS TATE

10. That at all times hereinafter mentioned Plaintiff was and still is a resident of the County of Orange, State of North Carolina.

11. That the accident which is the basis of the within action took place in the City, County and State of New York.

12. That upon information and belief, at all times hereinafter mentioned, the Defendant GOLDEN CHILD was the owner of a certain motor vehicle bearing New York State License plate Number 8J57-A.

13. That upon information and belief, at all times hereinafter mentioned, the Defendant, NAFPAKTOS, INC, was the owner of a certain motor vehicle bearing New York State License Plate Number 9H89C.

14. That upon information and belief, at all times hereinafter mentioned, the Defendant, WAI KWOK HA, was the owner of a certain motor vehicle bearing New York State License Plate Number 9C58A.

15. That upon information and belief, at all times hereinafter mentioned, the Defendant,

BECK CAB CORP, was the owner of a certain motor vehicle bearing New York State License Plate Number 3K57A.

16. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANA GHOSH, operated a certain motor vehicle bearing New York State License Plate Number 8J57-A.

17. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANA GHOSH, operated the motor vehicle bearing New York State License Plate Number 8J57-A with the knowledge, consent and permission, express or implied of the owner, Defendant GOLDEN CHILD

18. That upon information and belief, at all times hereinafter mentioned, the Defendant, MOHD D. FARAGUE, operated a certain motor vehicle bearing New York State License Plate Number 9H89C.

19. That upon information and belief, at all times hereinafter mentioned, the Defendant, MOHD D. FARAGUE, operated the motor vehicle bearing New York State License Plate Number 9H89C with the knowledge, consent and permission, express or implied of the owner, Defendant, NAFPAKTOS, INC,

20. That upon information and belief, at all times hereinafter mentioned, the Defendant, WAI KWOK HA, operated a certain motor vehicle bearing New York State License Plate Number 9C58A and was the registered owner of the aforesaid vehicle, acting at all times in accordance with his ownership of said vehicle.

21. That upon information and belief, at all times hereinafter mentioned, the Defendant, GOLAM MORTUJA, operated a certain motor vehicle bearing New York State License Plate Number 3K57A.

22. That upon information and belief, at all times hereinafter mentioned, the Defendant, GOLAM MORTUJA, operated the motor vehicle bearing New York State License Plate Number 3K57A with the knowledge, consent and permission, express or implied of the owner, Defendant, BECK CAB CORP.,

23. That upon information and belief, at all times mentioned herein and on March 24, 2007 the aforementioned NANA GHOSH, was operating the aforementioned motor vehicle at or about 6th AVENUE and W. 53 STREET, COUNTY OF NEW YORK defendants operating

24. That upon information and belief, at all times mentioned herein and on March 24, 2007 the aforementioned MOHD D. FARAGUE was operating the aforementioned motor vehicle at or about 6th AVENUE and W. 53 STREET, COUNTY OF NEW YORK defendants operating

25. That upon information and belief, at all times mentioned herein and on March 24, 2007 the aforementioned GOLAM MORTUJA was operating the aforementioned motor vehicle at or about 6th AVENUE and W. 53 STREET, COUNTY OF NEW YORK defendants operating the aforementioned vehicle.

26. That on March 24, 2007 at or about the aforementioned location the defendants vehicles were involved in a collision.

27. That on March 24, 2007 at or about the aforementioned location the defendants vehicles were involved in a collision that resulted in the plaintiff being struck while a pedestrian.

28. That as a result of the negligence acts of the defendants herein, on the 24th day of March, 2007, a chain reaction auto collision initiated by contact between Defendant, NANA GHOSH, and Defendant, MOHD D. FARUGUE, and continuing through Defendant, WAI KWOK HA, and Defendant, GOLAM MORTUJA, caused the vehicle of Defendant, GOLAM MORTUJA, to come into forceful contact with the pedestrian-Plaintiff, LOUISE ROGERS TATE, who was

lawfully in the pedestrian crosswalk of West 54th Street crossing Sixth Avenue, in the County of New York, State of New York at the aforesaid time and place.

29.     That at all times hereinafter mentioned, at the time and place aforesaid, the Defendants, individually and jointly and severally, were so careless, negligent and reckless, in the operation of the aforesaid motor vehicles and the control of traffic along the hotel curbside and front entrance driveway, as to cause the vehicle operated by Defendant, GOLAM MORTUJA, to forcefully be pushed into the pedestrian crosswalk, thereby causing grievous severe, serious and permanent injuries to the plaintiff, LOUISE ROGERS TATE, who sustained severe head trauma and brain injuries as a result of the aforesaid accident.

30.     Upon information and belief, the aforementioned collision was proximately caused by the negligence, carelessness, and recklessness, gross recklessness, and gross negligence of the defendants, in the ownership, operation and control of the aforementioned vehicle, without any negligence on the part of the plaintiff contributing thereto.

33.     Upon information and belief, as a proximate result of the negligence, carelessness, and recklessness of the defendants, the plaintiff has been caused to suffer severe physical and emotional injuries, all of which are believed to be permanent and continuing in nature, duration, and effect, has incurred medical and other expense, has been unable to pursue his usual vocations, and has suffered and will continue to suffer from severe physical and emotional pain, all to his great detriment and damage.

34.     Upon information and belief, by reason of the foregoing, the plaintiff has sustained a serious injury as defined by Section 5102 of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined by Section 5102 of the Insurance Law of the State of New York.

35.     Upon information and belief, the plaintiff is a "covered person" as defined by

Section 5102 of the Insurance Law of the State of New York.

36. Upon information and belief, the limitations on liability set forth in Article 16 of the New York Civil Practice Law and Rules do not apply since the plaintiff's action falls within the exemption set forth in one of the subdivisions set for therein.

37 By reason of the foregoing, Plaintiff, LOUISE ROGERS TATE, has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

36. That by reason of the foregoing, this plaintiff has been severely damaged and, accordingly, seeks appropriate recompense.

37. That as a result of the foregoing, the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction herewith, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

38. Plaintiff demands trial by jury on all issues.

WHEREFORE, Plaintiff, LOUISE ROGERS TATE, demands judgment against each of the Defendants and each of them, jointly and severally , for damages on the First Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS,  together with interests and the cost of suit.

WHEREFORE, plaintiff demands judgment on each cause of action as set forth in the complaint.

Dated: New York, New York
      June 20, 2007

                                  Yours, etc.
                                  **HECHT, KLEEGER, PINTEL**
                                  **& DAMASHEK**

By: _____
JORDAN HECHT, ESQ. JD-3142
Attorneys for Plaintiff
19 West 44th Street
New York, NY 10036
(212) 490-5700

TO: **KAUFMAN, BORGEEST & RYAN, LLP**
Attorneys for Defendant
HILTON HOTELS CORPORATION
200 Summit Lake Drive – 1st Floor
Valhalla, New York 10595
(914) 741-6100

**MARJORIE E. BORNES, ESQ.**
Attorneys for Defendant
NANA GHOSH
330 West 34th Street -7th Floor
New York, New York 10001
(212) 857-8252

**PHILIP J. RIZZUTO, P.C.**
Attorneys for Defendant
WAI KWOK HA
One Old Country Road – Suite 285
Carle Place, New York 11514
(516) 622-0606

**GERBER & GERBER, PLLC**
Attorneys for Defendants
GOLAM MORTUJA and
FRED WEINGARTEN
26 Court Street – Suite 1405
Brooklyn, New York 11242
(718) 834-0559

**BAKER, McEVOY, MORRISSEY
& MOSKOVITS, P.C.**
Attorneys for Defendant
MOHD D. FARUGUE

330 West 34th Street  - 7th Floor
New York, New York 10001

**SCHIRMER & STATHOPOULOS, PC**
Attorneys for Defendant
ARISTIDIS SHIMENOS
36-12 34th Street – Suite 300
LIC, New York 11106
(718) 707-2915