| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>LOUISE ROGERS TATE,<br>                              Plaintiff,<br>        -against-<br><br>NANA GHOSH, GOLDEN CHILD CORP., MOHD D. FARUGUE, NAFPAKTOS, INC., WAI KWOK HA, GOLAM MORTUJA, and BECK CAB CORP.,<br>                              Defendants | 07-CV-5885<br>Justice Castel<br><br>**VERIFIED ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIMS WITH DEMAND FOR TRIAL BY JURY**<br><br>File No. 539231 |

Defendants, MOHD D. FARUGUE and NAFPAKTOS, INC., by their attorney, MICHAEL I. JOSEPHS, ESQ., an Associate of BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC, answers Plaintiff's Amended Complaint as well as the cross-claims of co-Defendants by alleging the following upon information and belief:

**I.      DEFENDANTS ANSWER PLAINTIFF'S COMPLAINT:**

1.      Denies each and every allegation contained in paragraphs number 29, 30, 33, 34, 36, 37, Second #36, and Second #37.

2.      Lacks knowledge sufficient to admit or deny the allegations contained in paragraphs number 1, 2, 3, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, and 28.

Note: Plaintiff's Amended Complaint does not contain paragraphs #31 or #32, and contains two paragraphs #36 and two paragraphs #37.

**II.**        **AS AND FOR THE FIRST AFFIRMATIVE DEFENSE**

3.    That the Court lacks personal jurisdiction over the answering defendant(s) in that the Summons and Complaint were not served upon the defendant(s), and if the Summons were served, it was not effected in accordance with the applicable provisions of Article 3 of the CPLR, said provisions governing the service of process.

**III.**        **AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE**

4.    Plaintiff(s) did not sustain a "serious injury" and cannot maintain this action under Article 51 of New York's Insurance Law and the action must, therefore, be dismissed.

**IV.**        **AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE**

5.    Upon information and belief, pursuant to CPLR §1412, any damages sustained by plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care on the part of the plaintiff(s) pursuant to CPLR Article 14-A.

**V.**        **AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE**

6.    Pursuant to C.P.L.R. 4545, plaintiff(s)'s recovery should be reduced by any amounts received or to be received by plaintiff(s) from collateral sources of payment.

**VI.**        **AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE**

7.    That if it be determined hereafter that plaintiff(s) or any party to this lawsuit has

proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said plaintiff(s) or party, then and in that event, the answering defendant(s) hereby plead said adverse ruling or award on the theory of collateral estoppel under the authority.

### VII.        AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE

8.    Plaintiff's injuries do not meet the jurisdictional amount required for actions in this Court.

### VIII.        AS AND FOR THEIR SEVENTHTH AFFIRMATIVE DEFENSE

9.    That the liability of the instant defendants, if any, does not exceed fifty (50%) percent of the liability assigned to all liable persons, if any, and therefore the liability of the instant defendants, if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

### IX.    CROSS-CLAIM AGAINST DEFENDANTS NANA GHOSH, GOLDEN CHILD CORP., WAI KWOK HA, GOLAM MORTUJA, AND BECK CAB CORP.

10.    If Plaintiff was caused to sustain any injuries and/or damages, as alleged in her Complaint, through the negligence, recklessness, carelessness and/or culpable conduct other than the Plaintiff's own negligence, recklessness, carelessness and/or culpable conduct, said injuries and damages were caused by the negligence, recklessness, carelessness and/or affirmative acts of omission or commission and/or other culpable conduct of the co-defendants against whom this cross-claim is brought, and if any judgment is recovered herein by the plaintiff against the instant defendant, then this defendant demands indemnification and/or contribution from the co-defendants.

11.    By reason of the foregoing, the co-defendants against whom this cross-claim is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, pursuant to

Article Fourteen of the CPLR, and on the basis of common law indemnification, are liable in contribution and/or indemnification to the instant defendant, asserting this cross-claim, and if any judgment is recovered herein by the plaintiff against the instant defendant, this defendant will be damaged thereby and the co-defendants against whom this cross-claim is pleaded is or will be responsible therefore.

W H E R E F O R E, the answering Defendants, MOHD D. FARUGUE and NAFPAKTOS, INC., hereby demand judgment dismissing the Complaint with costs or, in the alternative, if the Complaint shall not be dismissed, than the amount of damages otherwise recoverable against the instant Defendants shall be diminished in the proportion to the culpable conduct attributable to any and all of the co-defendants as well as that of the Plaintiff, if any. Accordingly, the instant answering Defendants further demand, pursuant to §3019(b) of the CPLR, that the ultimate rights of the Defendants in this action as amongst themselves be determined, and that the instant Defendant have judgment over and against any and all Co-defendants found to be liable for the amount of any verdict or judgment which may be obtained herein by the Plaintiffs against the instant Defendants, or in the alternative, pursuant to Article 14 of the CPLR, that the instant Defendants obtain contribution toward any verdict or judgment in this action, together with costs and disbursements, as well as attorneys' fees.   In the event that this case goes to trial, *demand is hereby made for a trial by jury*.

Dated: New York, N.Y.
    January 10, 2008                               MICHAEL I. JOSEPHS, ESQ.
                                             Baker, McEvoy, Morrissey & Moskovits, PC

                                                  Attorneys for Defendants
                                                  MOHD D. FARUGUE &
                                                    NAFPAKTOS, INC..
                                      330 West 34th Street, 7th Floor
                                         New York, New York 10001
                                                        212 845-8744

                                              _____
                                                 Michael I. Josephs, Esq.

TO:

JORDAN HECHT, ESQ.
HECHT KLEEGER PINTEL & DAMASHEK
Attorney for Plaintiff, LOUISE ROGERS TATE
275 Madison Avenue, Suite 1100
New York, NY 10279-0003
212-490-5700

MARJORIE BORNES, ESQ.
Attorney for Defendant, NANA GHOSH
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

PHILIP J RIZZUTO, PC
Attorney for Defendant, WIA KWOK HA
One Old Country Road, Suite 285
Carle Place, NY 11514
516-622-0606

FIDEL F. DEL VALLE, ESQ.
GERBER & GERBER, PLLC
Attorneys for Defendants, GOLAM MORTUJA and BECK CAB CORP.
26 Court Street, Suite 1405
Brooklyn, New York 11242
718-834-0559

UNITED STATES DISTRICT COURT                                          07-CV-5885
SOUTHERN DISTRICT OF NEW YORK_____
LOUISE ROGERS TATE,                                                   Justice Castel
                        Plaintiff,
        -against-

NANA GHOSH, GOLDEN CHILD CORP., MOHD D.
FARUGUE, NAFPAKTOS, INC., WAI KWOK
HA, GOLAM MORTUJA, and BECK CAB CORP.,
                        Defendants
_____            File No. 539231


CERTIFICATION OF SERVICE BY ELECTRONIC FILING

State of New York    )
                    ss.
County of New York)


        Michael Josephs, an attorney admitted to practice in the United States District

Court for the Southern District of New York, hereby certifies that on January 10, 2008,

an Answer To Plaintiff's Amended Complaint was filed electronically with the Clerk of

the Court, and therefore available for copying by the other parties in this case:

JORDAN HECHT, ESQ.
HECHT KLEEGER PINTEL & DAMASHEK
Attorney for Plaintiff, LOUISE ROGERS TATE
275 Madison Avenue, Suite 1100
New York, NY 10279-0003
212-490-5700

MARJORIE BORNES, ESQ.
Attorney for Defendant, NANA GHOSH
330 W. 34th Street, 7th Floor
New York, New York 10001
212-857-8252

PHILIP J RIZZUTO, PC
Attorney for Defendant, WIA KWOK HA
One Old Country Road, Suite 285
Carle Place, NY 11514
516-622-0606

6

FIDEL F. DEL VALLE, ESQ.
GERBER & GERBER, PLLC
Attorneys for Defendants, GOLAM MORTUJA and BECK CAB CORP.
26 Court Street, Suite 1405
Brooklyn, New York 11242
718-834-0559


Dated:  January 10, 2008
        New York, New York                    _____
                                                  Michael I. Josephs, Esq.

7