UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LOUISE ROGERS TATE,                                              Justice Castel
              Plaintiff(s),                                   07-CV-5885
     - against -
NANA GHOSH, GOLDEN CHILD CORP, MOHD            **Verified Answer**
D. FARUGUE, NAFPAKTOS INC., WAI KWOK HA,        **to the Amended**
GOLAM MORTUJA, BECK CAB CORP                    **Complaint, Trial by**
             Defendant(s).                                   **Jury Demanded**
------------------------------------------------------------------x

      The defendant(s) **GOLDEN CHILD CAB CORP s/h/a GOLDEN CHILD CORP and NANA GHOSH**, by their Attorney, **MARJORIE E. BORNES**, answering the amended complaint of the plaintiff(s) **LOUISE ROGERS TATE** herein, respectfully allege(s) upon information and belief, as follows:

### AS AND FOR HIS ANSWER TO THE PARTIES

    1.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) $A1$", "4", "5", "6", "7" and "8" of the Amended Complaint.

### AS AND FOR HIS ANSWER TO THE JURISDICTION AND VENUE

    2.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) $A9$" of the Complaint

### AS AND FOR HIS ANSWER TO THE FIRST
### CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LOUISE ROGERS TATE

    3.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) $A10$", "13", "14", "15", "18", "19", "20", "21", "22", "23", "24", "25", "27", "29" and "First 36" of the Amended Complaint.

    4.    Deny each and every allegation contained in paragraph(s) "17" of the Amended Complaint except admits that Ghosh had consent and permission of the owner Golden Child Cab Corp to operate the vehicle.

    5.    Deny knowledge or information to form a belief as to each and every allegation contained in paragraph(s) "26" of the Amended Complaint except admits that defendants' vehicle was involved in a collision with another vehicle.

6. Deny each and every allegation contained in paragraph(s) "28", "29", "A30" and "33" of the Amended Complaint as to defendant(s) Golden Child and Ghosh.

7. Deny each and every allegation contained in paragraph(s) "A34", "35", "35", "Second 36", and "First 37" and "Second 37" of the Amended Complaint.

### AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE

8. That the Court lacks personal jurisdiction over the answering defendant(s) in that the Summons and Complaint was not served upon the defendant(s), and if the Summons were served, said service was not in accordance with the applicable provisions of Article 3 of the CPLR, governing the service of process.

### AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE

9. That by reason of all of the provisions of Article 51 of the New York Comprehensive Motor Vehicle Insurance Reparations Act, §5101 to §5108, this Court lacks jurisdiction over the subject matter of this action and plaintiff(s) is expressly prohibited by the above mentioned law from maintaining this action.

### AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE

10. Upon information and belief, pursuant to CPLR §1412, any damages sustained by plaintiff(s) were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff(s) and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care on the part of the plaintiff(s) pursuant to CPLR Article 14-A.

### AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE

11. Pursuant to C.P.L.R. 4545, plaintiff(s)'s recovery should be reduced by any amounts received or to be received by plaintiff(s) from collateral sources of payment.

### AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE

12. That if it be determined hereafter that plaintiff(s) or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said plaintiff(s) or party, then and in that event, the answering defendant(s)

hereby plead said adverse ruling or award on the theory of collateral estoppel under the authority.

### AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE

13.  Plaintiff(s)'s injuries do not meet the jurisdictional amount required for diversity actions in this Court.

### AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE

14.  That the liability of the defendant(s), if any, does not exceed fifty (50%) percent of the liability assigned to all persons, if any, liable and that the liability of the defendant(s), if any for non-economic loss is limited pursuant to Article 16 of the CPLR.

### AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE

15.  If it be determined that each respective plaintiff failed to use available seat belts, defendant(s) pleads said fact in mitigation of damages.

### AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE

16.  Pursuant to 49 USC 30106, since Golden Child Cab Corp leased the vehicle, it has no liability for the accident and there is no cause of action stated against it, and the complaint as against said Golden Child Cab Corp must be dismissed.

### CROSS-CLAIM AGAINST DEFENDANT(S) MOHD D. FARUGUE, NAFPAKTOS, INC., WAI KWOK HA, GOLAM MORTUJA AND BECK CAB CORP

17.  That if plaintiff(s) were caused to sustain any injuries and/or damages, as alleged in his Complaint, through the negligence, recklessness, carelessness and/or culpable conduct other than the plaintiff(s)'s own negligence, recklessness, carelessness and/or culpable conduct, said injuries and damages were caused by the negligence, recklessness, carelessness and/or affirmative acts of omission or commission and/or breach of contract and/or other culpable conduct of the co-defendant(s) against whom this cross-claim is pleaded and if any judgment is recovered herein by the plaintiff(s) against the defendant(s) asserting this cross-claim, then said defendant(s) demand indemnification and/or contribution against the co-defendants.

18. By reason of the foregoing, the co-defendants against whom this cross-claim is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, pursuant to Article Fourteen of the CPLR and on the basis of common law indemnification, are liable in contribution and/or indemnification to the said defendant(s) asserting this cross-claim and if any judgment is recovered herein by the plaintiff(s) against the defendant(s) asserting this cross-claim, the said defendant(s) will be damaged thereby and the co-defendants against whom this cross-claim is pleaded is or will be responsible therefore.

**WHEREFORE**, the defendant(s) **GOLDEN CHILD CAB CORP s/h/a GOLDEN CHILD CORP AND NANA GHOSH** hereby demand judgment dismissing the Complaint with costs or, in the alternative, if the Complaint shall not be dismissed, the amount of damages otherwise recoverable against said defendant(s) shall be diminished in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct, if any, of said defendant(s) and further demand, pursuant to ǝ3019(b) of the CPLR, that the ultimate rights of the defendants in this action as amongst themselves be determined in this action, and that the cross-claiming defendant(s) have judgment over and against the co-defendants for the amount of any verdict or judgment which may be obtained herein by the plaintiff(s) against said cross-claiming defendant(s), or in the alternative, for contribution toward such verdict or judgment pursuant to Article 14 of the CPLR, together with costs and disbursements of this action, plus any and all attorney's fees.

Dated: New York, NY
      February 27, 2008               Yours, etc.,

_____
**MARJORIE E. BORNES, ESQ. MB6505**
Attorneys for Defendant(s)
*Golden Child and Ghosh*
330 West 34th Street - 7th Floor
New York, NY 10001
(212) 857-8252

TO: **HECHT, KLEEGER, PINTEL & DAMASHEK**
Jordan Hecht, Esq.
Attorneys for Plaintiff *Tate*
19 West 44th Street
New York, NY 10036
(212) 490-5700

**BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC**
Michael Josephs, Esq.
Attorneys for Defendant(s)
*Faugue and Nafpaktos, Inc*
330 West 34th Street – 7th Floor
New York, NY 10001
(212) 857-8230

**PHILIP J. RIZZUTO, PC**
Attorneys for Defendant(s)
*Wia Kwok Ha*
One Old Country Road – Suite 285
Carle Place, NY 11514
(516) 622-0606

**GERBER & GERBER, PLLC**
Fidel F. Del Valle, Esq. (FD 1049)
Attorneys for Defendant(s)
*Beck Cab Corp and Golam Mortuja*
26 Court Street – Suite 1405
Brooklyn, NY 11242
(718) 834-0559

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOUISE ROGERS TATE,                                    Justice Castel
          Plaintiff(s),                          07-CV-5885
  - against -
NANA GHOSH, GOLDEN CHILD CORP, MOHD
D. FARUGUE, NAFPAKTOS INC., WAI KWOK HA,
GOLAM MORTUJA, BECK CAB CORP
          Defendant(s).
-----------------------------------------------------------------x

## CERTIFICATION OF SERVICE BY EFILING AND MAIL

STATE OF NEW YORK      )
                             ) ss:
COUNTY OF NEW YORK  )

      I hereby certify that on February 28, 2008 the foregoing document **VERIFIED ANSWER TO THE AMENDED COMPLAINT TRIAL BY JURY DEMANDED** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District=s Local Rules, and/or the Southern District=s Rules on Electronic Service, upon:

**TO:**  **SEE RIDER**


_____
MARJORIE E. BORNES, ESQ

**RIDER**

**By electronic filing:**

TO:  **HECHT, KLEEGER, PINTEL & DAMASHEK**
Jordan Hecht, Esq.
Attorneys for Plaintiff *Tate*
19 West 44th Street
New York, NY 10036
(212) 490-5700

**BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC**
Michael Josephs, Esq.
Attorneys for Defendant(s)
 *Faugue and Nafpaktos, Inc*
330 West 34th Street – 7th Floor
New York, NY 10001
(212) 857-8230

**PHILIP J. RIZZUTO, PC**
Attorneys for Defendant(s)
*Wia Kwok Ha*
One Old Country Road – Suite 285
Carle Place, NY 11514
(516) 622-0606

**GERBER & GERBER, PLLC**
Fidel F. Del Valle, Esq. (FD 1049)
Attorneys for Defendant(s)
*Beck Cab Corp and Golam Mortuja*
26 Court Street – Suite 1405
Brooklyn, NY 11242
(718) 834-0559

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDEX # 07-CV-5885

LOUISE ROGERS TATE,
           Plaintiff(s),
  - against -
NANA GHOSH, GOLDEN CHILD CORP, MOHD D. FARUGUE,
NAFPAKTOS, INC., WAI KWOK HA, GOLAM MORTUJA AND
BECK CAB CORP,
           Defendant(s).

## VERIFIED ANSWER TO THE AMENDED COMPLAINT TRIAL BY JURY DEMANDED

**MARJORIE E. BORNES, ESQ.**
Attorney for Defendant(s) *Golden Child and Ghosh*
330 West 34th Street - 7th Floor
New York, NY 10001
(212) 857-8252

*TO:*
*Attorney for* _____
*Service of a copy of the within*          *is hereby admitted.*

*Dated*       _____       *Attorneys for*

**PLEASE TAKE NOTICE**
_____ Notice of Entry
that the within is a true copy of a     duly entered in the office of the Clerk of the within Court
on       , 200 .

_____ Notice of Settlement
that an order of which the within is a true copy will be presented for settlement to the Hon.
, one of the Judges of the within named Court, at    on    at    A.M.
Dated

                                           **MARJORIE E. BORNES, ESQ.**
                                           *Attorney for Defendant(s)*
                                           *Golden Child and Ghosh*
                                           330 West 34th Street - 7th Floor
                                           New York, NY 10001
                                           212-857-8252

TO:
Attorney for